In this action, the plaintiff (mother) sought to modify a 2005 Virginia decree addressing custody of her son. The mother now appeals the dismissal of that action by a Probate and Family Court judge. We affirm.
 

 The Virginia decree, entered in 2005 by consent, placed custody of the son with his maternal grandmother. The mother, grandmother, and son all moved to Massachusetts in 2008 and have lived here since. In 2014, the mother filed, in Virginia, a petition to modify the 2005 decree so that she could assume custody of her son. A Virginia court declined jurisdiction, finding that Massachusetts now was the appropriate forum to consider custody issues. The mother then filed the modification complaint now before us. She does not attack the original Virginia decree's validity as not being in "substantial conformity" with Massachusetts law, and the Probate and Family Court judge had authority to modify the Virginia custody decree. See G. L. c. 209B, § 2(
 
 e
 
 ), inserted by St. 1983, c. 680, § 1.
 
 [1]
 
 See also G. L. c. 209C, § 10(
 
 d
 
 ), inserted by St. 1986, c. 310, § 16;
 
 [2]
 

 Redding
 
 v.
 
 Redding
 
 ,
 
 398 Mass. 102
 
 , 105-106 (1986).
 

 Nonetheless, the judge properly could modify the decree only if he found that "a substantial change in the circumstances of the parties or the child [had] occurred and [found] modification to be in the child's best interests." G. L. c. 209C, § 20, as amended by St. 1995, c. 38, § 175. The judge found to the contrary on both points.
 

 The mother asserted that she is now "a full-grown woman," suggesting that her gains in maturity warrant a change in custody. In addition, construing the mother's argument liberally, she may also have asserted that the son's recent emotional and social difficulties constituted a changed circumstance. While such changes might, in a proper case, justify modification, we discern no error in the judge's conclusion that a change was not appropriate here. For example, the judge did not err in concluding, based on the maternal grandmother's testimony and a letter from the son's doctor, which the judge deemed credible, that the son's recent emotional problems were caused by the mother's own actions and, therefore, did not constitute an appropriate ground to modify the existing decree.
 

 Similarly, the judge's conclusion that a custody change would not be in the son's best interests is also well supported in the record. That conclusion was based on, among other things, the mother's relative lack of contact with the son over most of his life, the son's evident well-being after being placed in the grandmother's custody, the son's adverse reaction to the mother's announced intention to change custody, the grandmother's appropriate response to the son's reaction, and the mother's presently unsettled and unexplained living circumstances. The judge also properly relied on the mother's lack of "any reasonable insight to [the son's] problems, or her primary role (via her erratic, inappropriate and at times violent behavior) in (1) the 2005 transfer of [the son's] custody to [the grandmother], and (2) [the son's] current problems evolving from [the mother's] inappropriate and damaging conversation ... with [the son] on June 4, 2014."
 

 The judge was in the best position to consider the weight and credibility of the evidence, and we will not overturn his findings absent a clear error of law evident on the record or findings that have no support in the evidence.
 
 Freedman
 
 v.
 
 Freedman
 
 ,
 
 49 Mass. App. Ct. 519
 
 , 521-522 (2000).
 
 Wakefield
 
 v.
 
 Hegarty
 
 ,
 
 67 Mass. App. Ct. 772
 
 , 774 (2006). While the mother disagrees with the judge's credibility assessments and weighing of the evidence,
 
 [3]
 
 she has not demonstrated that the judge's findings of fact are clearly erroneous. Nor has she shown that the judge abused his considerable discretion in declining to change the custody award. See
 
 Murphy
 
 v.
 
 Murphy
 
 ,
 
 82 Mass. App. Ct. 186
 
 , 193 (2012) ("A custody determination presents the trial judge with a classic example of a discretionary decision.... In view of the trial judge's superior position to observe witnesses and weigh evidence, we review only for abuse of discretion" [quotation omitted] ).
 

 Judgment affirmed
 
 .
 

 Section 2(
 
 e
 
 ) provides in relevant part: "If a court of another state has made a custody determination in substantial conformity with this chapter, a court of the commonwealth shall not modify that determination unless (1) ... such court has declined to assume jurisdiction to modify its determination and (2) a court of the commonwealth now has jurisdiction pursuant to this chapter."
 

 Section 10(
 
 d
 
 ) provides that a Probate and Family Court judge may award custody to "a person who is not a parent of the child" if, as originally was the case here, such person "requests custody," the custody "is in the best interests of the child," and the child's parents consent.
 

 Contrary to the mother's suggestion, the judge did not find that her other children were not in the mother's custody. Instead, the judge clarified that the Department of Children and Families temporarily placed the mother's two other children with the grandmother for "a three month period in 2012, while [the mother] was incarcerated."